BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Molly L. Eskay, #028212
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
molly.eskay@bryancave.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Vawter, | No. 2:11-cv-01916-GMS |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS** |
| ReconTrust Company, N.A.; Bank of New York, | |
| Defendants. | (Hon. G. Murray Snow) |

Defendants ReconTrust Company, N.A. ("ReconTrust") and The Bank of New York Mellon Corporation ("BNYM") (collectively, "Defendants") request that this Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's conclusory allegations are contradicted by the documents upon which they rely and fail to meet the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Defendants request that the Court dismiss the Complaint without giving Plaintiff an opportunity to amend because amendment would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment

can, by itself, justify the denial of a motion for leave to amend"). This Motion is supported by the accompanying Memorandum of Points and Authorities.

DATED this 5th day of October, 2011.

BRYAN CAVE LLP

By   /s/ Molly L. Eskay
    Robert W. Shely
    Coree E. Neumeyer
    Molly L. Eskay
    Two N. Central Avenue, Suite 2200
    Phoenix, AZ  85004-4406

Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND.**

Plaintiff Julie A. Vawter ("Vawter") obtained a $164,500 loan ("Loan") from Countrywide Home Loans, Inc. ("Countrywide") in February 2006, as evidenced by a promissory note and deed of trust ("Deed of Trust"). [Exhibit A][1] In exchange for the Loan, Countrywide obtained a security interest in the real property located at 20145 East Happy Road in Queen Creek, Arizona ("Property"). [Ex. A]  The Deed of Trust names MERS, as nominee for Countrywide and its assigns, as the beneficiary. [Ex. A, at 2 ¶ E] The Deed of Trust names Fidelity National Title as trustee. [Ex. A, at 2 ¶ D]

---

[1] The Court may consider the Deed of Trust without converting this Motion into a motion for summary judgment because Vawter mentions the Deed of Trust in her Complaint. [Compl. at 2:24-25, 4:10]  "[A] district court ruling on a motion to dismiss may consider documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006). Further, the Deed of Trust is a matter of public record and properly subject to judicial notice. See Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (court deciding motion to dismiss may consider matters subject to judicial notice).

On June 1, 2011, MERS recorded a Corporation Assignment of Deed of Trust Arizona ("Assignment") assigning its beneficial interest under the Deed of Trust, along with the underlying promissory note, to BNYM. [Exhibit B][2] On that same day, BNYM recorded a Substitution of Trustee Arizona ("Substitution") appointing ReconTrust Company, N.A. ("ReconTrust") as successor trustee to Fidelity National Title. [Exhibit C][3] Also on June 1, 2011, ReconTrust recorded a Notice of Trustee's Sale Arizona ("Sale Notice") setting a trustee's sale date of September 6, 2011. [Exhibit D][4] The trustee's sale has not yet occurred.

## II.   APPLICABLE LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 555 U.S. 544, 570 (2007)); accord Cervantes v. Countrywide Home Loans, Inc., 2009 WL 3157160, *1 (D. Ariz. Sept. 24, 2009) (slip copy), aff'd, No. 09-17364, slip. op at 15 (9th Cir. Sep. 7, 2011). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that

---

[2] Vawter refers to the Assignment in her Complaint. [See Compl. at 4:8-11] Further, the Assignment is a matter of public record and properly subject to judicial notice. See Pesci, 67 F. Supp. 2d at 1191-92.

[3] Vawter refers to the Substitution in her Complaint. [See Compl. at 4:12-13] Further, the Substitution is a matter of public record and properly subject to judicial notice. See Pesci, 67 F. Supp. 2d at 1191-92.

[4] Vawter refers to the Sale Notice in her Complaint. [See Compl. at 2:20-21] Further, the Sale Notice is a matter of public record and properly subject to judicial notice. See Pesci, 67 F. Supp. 2d at 1191-92.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1950.

In deciding this motion to dismiss, "[t]he court need not … accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci, 67 F. Supp. 2d. at 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (citations omitted). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S. Ct. at 1951.

### III. ARGUMENT.

#### A. Vawter's Complaint Fails To Meet Rule 8's Pleading Requirements.

"All pleadings setting forth claims for relief must include a short and plain statement of the claim showing that the pleader is entitled to relief." 2 Moore's Fed. Practice § 8.04[1][a] (Matthew Bender 3d ed.) (citing Fed. R. Civ. P. 8(a)(1)) (collecting cases). The Complaint "must give Defendants fair notice of what plaintiff's claims are and the grounds upon which they are based," which includes "some factual basis for the claims and the specific legal theory supporting each claim." Tran v. Decision One Mortg. Co. LLC, 2008 WL 5274489, *2 (D. Ariz. 2008) (dismissing litany of generally alleged claims arising from mortgage transaction); see also McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996) (stating complaint should consist of "clear and concise

averments stating which defendants are liable to plaintiff for which wrongs, based on the evidence.")  "Something labeled a complaint . . . yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." McHenry, 84 F.3d at 1180.

Here, Vawter's Complaint fails to meet the requirements of Rule 8. The Complaint contains a jumble of allegations concerning Defendants' ability to foreclose. Vawter's primary argument is that Defendants have either fraudulently or negligently recorded documents that falsely identify the trustee and beneficiary, and thus, Defendants are not authorized to initiate a non-judicial foreclosure action. [See, e.g., Compl. at 4-6] Vawter provides no factual support for these allegations, baldly asserting that the recorded documents are false, BNYM is not the beneficiary, ReconTrust is not the trustee, and Defendants lack the authority to foreclose. These allegations directly conflict with the publicly recorded documents. Therefore, Vawter's allegations fail to "plead enough facts to state a claim for relief that is plausible on its face." See Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008).

Further, Vawter makes no effort whatsoever to put the parties on notice as to which conduct is allegedly ascribed to which defendant(s). Nearly all of Vawter's allegations attribute actions to "defendants" collectively. [See, e.g., Compl. at 4:14, 4:33-35, 5:23-24, 6:5]  This failure to delineate between Defendants warrants dismissal.

**B.   Vawter Fails To State A Claim For Fraud.**

The Court should dismiss Vawter's claim of Fraud and Intentional Misrepresentation (Count 2) because her allegations fail to demonstrate "plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1950. Further, Vawter fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

       1.   Vawter's Theories Regarding The Recorded Documents Are Conclusory and Implausible.

To maintain a claim for fraud under Arizona law, Vawter is required to prove nine separate elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the listener's reliance on its truth; (8) the right to rely on it; and (9) his consequent and proximate injury.

Wells Fargo Credit Corp. v. Smith, 803 P.2d 900, 905 (Ct. App. Ariz. 1990).

Here, Vawter alleges that Defendants falsely asserted in the Sale Notice that ReconTrust is the current trustee and BNYM is the current beneficiary. [Compl. at 4:24-28] Vawter further alleges that the Sale Notice falsely implies that Defendants have rights under the Deed of Trust. [Compl. at 4:29-31] BNYM's status as beneficiary is evidenced by the Assignment dated May 31, 2011 and recorded in the Maricopa County Recorder's Office on June 1, 2011. [Ex. B] On that date, BNYM appointed ReconTrust as Successor Trustee under the Deed of Trust and duly recorded that Substitution. [Ex. C] These documents were properly recorded pursuant to the provisions of the Arizona Deed of Trust Act, A.R.S. §§ 33-801-821, and the recording of these documents conveys to BNYM and ReconTrust the same rights afforded to their predecessors under the Deed of Trust.

Vawter has the burden of demonstrating that the statements in the Sale Notice are false. She fails to present any evidence to that effect. Vawter also fails to present any evidence indicating that ReconTrust intended Vawter to act upon the supposedly false statements in the Sale Notice, how Vawter relied on these statements, why Vawter was entitled to rely, and how Vawter was injured by this reliance. Simply put, Vawter fails to state a viable claim for fraud. Further, her unsubstantiated allegations fall far short of the heightened pleading requirements of Rule 9(b). See Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) (internal citation omitted) ("Broad claims without factual support fail to adequately give defendants notice of the particular misconduct alleged to constitute fraud and, consequently, fail to satisfy FRCP 9(b).").

2.      Vawter's Theories Regarding Signatory Authority Have No Merit.

Vawter further contends that Darla Sproles was not authorized to sign the Sale Notice on ReconTrust's behalf. [Compl. at 5:1-3] However, Vawter pleads nothing to suggest that ReconTrust has not authorized Ms. Sproles to sign on its behalf, nor does she point to any law (there is none) requiring a person who signs a document to somehow prove to the plaintiff his authority to sign the document. Nothing in the Complaint "allows the court to draw the reasonable inference" that Vawter's speculation on this matter is correct. Iqbal, 129 S. Ct. at 1949. These statements are not factual allegations, but unsupported conclusions to which this Court is not bound. For this reason, courts have regularly rejected similarly baseless claims. See Kiah v. Aurora Loan Services LLC, No. 4:10–cv–40161–FDS, 2011 WL 841282, at *7 n.9 (D. Mass. Mar. 4, 2011) (rejecting plaintiff's contention that individual's signatory authority was a "fraud on the court" as "[t]he relevant documents appear to have been created in accordance with MERS practices for authorizing and assigning mortgages"); Bain v. Metro. Mortgage Group Inc., 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010) (dismissing complaint where loan servicer employees were appointed as assistant secretaries and vice presidents of MERS to execute documents necessary to foreclose; holding that loan servicer "openly and lawfully allow[ed] its employees to sign on behalf of [MERS], pursuant to contract—which is the essence of ordinary agency action everywhere. There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions"). See also Phillips v. Wells Fargo Bank N.A., 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (dismissing complaint and rejecting allegation that "assignment was signed by an unauthorized party, because [individual] was not and is not a Vice President of MERS" as entirely unsupported by factual allegations) (internal quotation and citation omitted).

Regardless of whether Ms. Sproles had authority when she executed the Notice, ReconTrust does not contest her actions, and therefore, ratifies them. See Brown v. Bank

of America N.A., 2011 WL 2633150, at *1 (D. Nev. July 5, 2011) ("Plaintiff argues that the employees who signed various documents might not have had authority to do so . . . but the fact that Defendants desire to proceed with foreclosure is proof of ratification of these employees' actions."). Therefore, Vawter's legal theories regarding signatory authority have no merit.

### C. Vawter Fails To State A Claim For Negligence or Negligence Per Se.

Vawter's negligence claim is premised on her belief that Defendants violated Arizona's Deed of Trust Act provisions because they are seeking to foreclose on the Property when there is no valid Assignment of Mortgage or Substitution of Trustee establishing that they entitled to pursue a trustee's sale [Compl. at 5-7] As a result of said violations, Vawter contends that Defendants were per se negligent.

To establish negligence, Vawter must allege "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." Diaz v. Phoenix Lubrication Serv., Inc., 224 Ariz. 335, 338, 230 P.3d 718, 721 (Ct. App. 2010) (internal citation omitted). Assuming, for the purposes of this motion to dismiss only, that the provisions of Arizona's Deed of Trust Act may create a duty that could give rise to a negligence claim, Vawter must establish a violation of those provisions in order to establish a breach of duty. She has not alleged any such violation.

Vawter first alleges that BNYM violated A.R.S. § 33-807(A) because it is not a valid beneficiary of the Deed of Trust. [Compl. at 6] Contrary to her assertions, however, BNYM is the current beneficiary of the Deed of Trust. BNYM's status as beneficiary is evidenced by the Assignment dated May 31, 2011 and recorded in the Maricopa County Recorder's Office on June 1, 2011. [Ex. B] Accordingly, Vawter has not alleged a violation by BNYM of A.R.S. § 33-807(A) and her negligence claim, to the extent it relies upon such a violation, fails as a result.

Vawter next alleges that ReconTrust violated A.R.S. §§ 33-804, 33-807(A), and/or 33-808 because it (1) was not appointed as successor trustee by the beneficiary of the deed of trust, (2) did not have the power of sale under the deed of trust as a result of its non-status as successor trustee, and (3) failed to provide verification in the Notice of Sale that it was validly appointed as a trustee. [Compl. at 7]  On May 31, 2011, BNYM appointed ReconTrust as Successor Trustee under the Deed of Trust in compliance with A.R.S. § 33-804(B), which provides that "[t]he beneficiary may at any time remove a trustee for any reason or cause and appoint a successor trustee, and such appointment shall constitute a substitution of trustee." [Ex. C]  By virtue of its appointment by BNYM as successor trustee, ReconTrust is entitled by both A.R.S. 33-807(A) and the Deed of Trust to exercise the power of sale.  Finally, and contrary to Vawter's assertion, A.R.S. § 33-808 does not require ReconTrust to verify in the Notice of Sale that it was validly appointed as trustee by a proper beneficiary.  Thus, Vawter has not established a violation by ReconTrust of any statutory provision upon which she could base her negligence claim.

### D.   Vawter Is Not Entitled To Injunctive Relief.

Vawter also asserts a claim for injunctive relief. [Compl. at 3-4]  In Arizona, there is no cause of action for injunctive relief.  Rather, it is a type of remedy available under certain legal theories.  See City of Tucson v. Clear Channel Outdoor, Inc., 218 Ariz. 172, 187, 181 P.3d 219, 234 (Ct. App. 2008) ("An injunction is an equitable remedy . . . .") (internal quotations omitted).  Because Vawter has failed to state a claim for relief, she is not entitled to injunctive relief.

### RELIEF REQUESTED

For the foregoing reasons, Defendants request that the Court enter an order dismissing Plaintiff's Complaint, with prejudice.

1 | DATED this 5th day of October, 2011.

2 | BRYAN CAVE LLP

4 | By   /s/ Molly L. Eskay
5 | Robert W. Shely
    Coree E. Neumeyer
6 | Molly L. Eskay
    Two N. Central Avenue, Suite 2200
7 | Phoenix, AZ  85004-4406

8 | Attorneys for Defendants

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy to:

Julie Vawter
20145 E. Happy Road
Queen Creek, AZ  85242-8444
Plaintiff Pro Per


 /s/   Molly Eskay

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000