**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Vawter, | No. 11-CV-1916-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| ReconTrust Company, N.A.; Bank of New York, | |
| Defendants. | |

    Pending before the Court is Defendants' Motion to Dismiss (Doc. 7). For the reasons stated below, Defendants' Motion is granted.

**BACKGROUND**

    On February 14, 2006, Plaintiff Julie Vawter borrowed $164,500 from Countrywide Home Loans, Inc. to purchase property in Queen Creek, Arizona. In connection with this loan, Plaintiff executed a Promissory Note and a Deed of Trust. The Deed of Trust states that Mortgage Electronic Registration Systems, Inc. ("MERS") is the "beneficiary" for Countrywide and for Countrywide's successors and assigns. As beneficiary, MERS received legal title to the interests granted by Plaintiff in the Deed of Trust, including "the right to foreclose and sell the Property." (Doc. 7, Ex. A).

    On June 1, 2011, MERS recorded a Corporation Assignment of Deed of Trust in which it assigned its interest as beneficiary to The Bank of New York Mellon Corporation

1  ("BNYM"). On the same day, BNYM recorded a Substitution of Trustee in which
2  ReconTrust Company, N.A. succeeded Fidelity National Title as trustee. Also on June 1,
3  ReconTrust recorded a Notice of Trustee's Sale against the property. The trustee's sale has
4  not yet occurred.

5  On August 22, 2011, Plaintiff filed her Complaint in this action in the Maricopa
6  County Superior Court. On September 28, 2011, the action was removed to this Court.
7  Defendants now move to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 7).

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

### II. Legal Analysis

Plaintiff brings three causes of action against Defendants: 1) lack of standing to

foreclose; 2) fraud and intentional misrepresentation; and 3) negligence per se.[1] The Court will address each in turn.

**1.     Lack of Standing**

Plaintiff first alleges that the Court should "forever enjoin Defendants from foreclosing and selling" the property because they "lack standing to foreclose." (Doc. 1, Ex. 1 at 4). Although Plaintiff has entitled this count "Injunctive Relief," in Arizona injunctive relief is a remedy, not an independent cause of action. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 187, 181 P.3d 219, 234 (App. 2008). The Court will therefore analyze the "lack of standing" theory upon which Plaintiff bases her request for equitable relief to determine whether she has stated a valid claim.

Plaintiff asserts that Defendants lack standing to foreclose because ReconTrust is not a valid trustee and BNYM is not a valid beneficiary. (Doc. 1, Ex. 1 at 3–4). As best the Court can tell, Plaintiff bases this assertion on the alleged facts that Defendants are not the original beneficiary and trustee and that Plaintiff "is not in the possession of any documents" which show that Defendants have succeeded the original beneficiary and trustee and are thus entitled to foreclose. (*Id.*). Defendants, however, have attached to their Motion to Dismiss a "Corporation Assignment of Deed of Trust" dated May 31, 2011, in which MERS assigns its interest in the Deed of Trust to BNYM, and a "Substitution of Trustee," also dated May 31, 2011, in which BNYM appoints ReconTrust as successor trustee to the Deed of Trust. (Doc. 7, Exs. B, C). Defendants state that on June 1, 2011, both the Assignment and Substitution of Trustee were recorded in the Maricopa County Recorder's Office, a fact which Plaintiff does not dispute. (Docs. 7, 9, 12). Accordingly, the Court may "look beyond the complaint to [these] matters of public record." *Mack v. South Bay Beer Distributors,*

---

[1] In her Response to Defendants' Motion to Dismiss, Plaintiff attempts to assert an additional cause of action, namely that Defendants' do not have a "valid recorded and perfected" creditors lien on Plaintiff's property. (Doc. 9 at 6–9) Plaintiff did not raise this cause of action in her Complaint, however (*See* Doc. 1, Ex. 1), and therefore the Court need not address her "invalid creditors lien" claim.

- 3 -

1 *Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav.*
2 *& Loan Ass'n. v. Solimino*, 501 U.S. 104 (1991). These documents show that BNYM and
3 ReconTrust hold the interests in the Deed of Trust priorly held by MERS and Fidelity. (Doc.
4 7, Exs. B, C).

5 In her Complaint, Plaintiff states that she "contests the existence and validity of any
6 assignment. . . . [or] Substitution of Trustee." (Doc. 1, Ex. 1 at 4). She does not provide
7 factual allegations in her complaint, however, which support her labeling of the Assignment
8 or Notice of Substitution as "invalid." "[A] plaintiff's obligation to provide the 'grounds'
9 of [her] 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic*
10 *Corp. v. Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
11 Therefore, Plainntiff's "invalidity" label, without more, does not suffice to revive her lack
12 of standing claim.

13 Plaintiff alleges for the first time in her Response to Defendants' Motion to Dismiss
14 that the 2011 assignment must be invalid because "the trust to which BNYM is an alleged
15 trustee closed in 2006." (Doc. 9 at 3). Plaintiff contends that BNYM "could not have
16 acquired Plaintiff's Deed or Note in 2011—five years after the closing date of the trust."
17 (*Id.*). As best the Court can tell, Plaintiff is contending that the trust and/or its trustee BNYM
18 acquired its interest in Plaintiff's mortgage in 2005 and therefore that the 2011 Assignment
19 must be a fraudulent replacement assignment. That the trust may have acquired an equitable
20 interest in Plaintiff's loan in 2006, however, does not mean that BNYM would have at the
21 same time also acquired MERS's status as beneficiary and the right to foreclose that such
22 status provides. The Deed of Trust states that MERS had the right to foreclose on the loan
23 not only for the lender Countrywide, but for Countrywide's "successors and assigns." (Doc.
24 7, Ex. A). Countrywide therefore could assign the equitable interest in Plaintiff's loan to the
25 trust without MERS losing its right to foreclose. *See Cervantes*, 656 F.3d at 1044 (rejecting
26 the notion that the designation of MERS as a "nominal holde[r] of the deed" irreparably splits
27 the notes and deed). Indeed, MERS retained its right to foreclose until May 31, 2011 when
28 it assigned this right to BNYM. (Doc. 7, Ex. B). Accordingly, even if Plaintiff were to amend

- 4 -

1 her Complaint to include these trust allegations, they would not make it plausible that the
2 Assignment is invalid.

### 2. Fraud and Intentional Misrepresentation

Plaintiff next alleges that Defendants knowingly made the following false and fraudulent statements intending to induce reliance: 1) that ReconTrust is the current trustee; 2) that BNYM is the current beneficiary; and 3) that they "are entitled to assert certain rights under the Deed." (Doc. 1, Ex. 1 at 4). Plaintiff contends that these statements are fraudulent because "neither of Defendants' name [sic] is found in the Deed" and because there is "no evidence" that ReconTrust is a valid trustee or that BNYM is a valid beneficiary. (*Id.*). As discussed above, however, the May 31, 2011 Assignment and Notice of Substitution, both of which are public records, evidence that the original beneficiary transferred its interest in the Deed of Trust to BNYM, who then appointed ReconTrust as successor trustee. Plaintiff has therefore provided no basis for its assertion that the statements are fraudulent.

Plaintiff also contends that "there is no evidence regarding the [Notice of Trustee's Sale's] signer [Darla Sproles] or [her] relation to RECONTRUST—or Sproles' specific authority." (*Id.* at 5). The mere fact, however, that Plaintiff does not know whether Sproles had authority to sign the Notice does not raise Plaintiff's "right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). Moreover, even if Sproles lacked the authority to sign the Notice, ReconTrust does not contest her actions and thereby ratifies them. *Brown v. Bank of Am.*, 2011 WL 2633150, at *1 (D. Nev. July 5, 2011) ("Plaintiff argues that the employees who signed various documents might not have had authority to do so . . . but the fact that Defendants desire to proceed with foreclosure is proof of ratification of these employees' actions."). Plaintiff has therefore failed to state a claim for fraud.

### 3. Negligence Per Se[2]

---

[2] In her Complaint, Plaintiff entitles this claim "negligence and negligence per se." Beyond listing the elements of common law negligence, however, Plaintiff does not make

- 5 -

1  Plaintiff lastly alleges that if Defendants are not the valid trustee and beneficiary, they
2  have violated several of the mortgage provisions of the Arizona Revised Statutes ("A.R.S."),
3  namely sections 33-804, 33-807 and 33-808, and are therefore liable for negligence per se.
4  (Doc. 1, Ex. 1 at 6–7). Under Arizona law, a person is liable for negligence per se where he
5  "violates a statute enacted for the protection and safety of the public." *Alaface v. National*
6  *Inv. Co.*, 181 Ariz. 586, 596, 892 P.2d 1375, 1385 (App. 1994). *See also J.H. Welch & Son*
7  *Contracting Co. v. Gardner*, 96 Ariz. 95, 99, 392 P.2d 567, 570 (1964) ("It is well settled
8  that a violation of a safety statute constitutes negligence per se."). Sections 33-804, 33-807,
9  and 33-808 do not appear to be safety statutes. The Court need not reach this issue, however,
10 because, as discussed above, the Assignment and Notice of Substitution of Trustee show that
11 BNYM and ReconTrust have replaced MERS and Fidelity as beneficiary and trustee for the
12 Deed of Trust. (Doc. 7, Exs. B, C). Accordingly Plaintiff's negligence per se violation, which
13 relies on the invalidity of BNYM and ReconTrust's statuses as beneficiary and trustee, fails
14 as a matter of law.

## CONCLUSION

16 Plaintiff has failed to state any claims for which relief can be granted.

17 **IT IS THEREFORE ORDERED:**

18 1. Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**.

19 2. All claims in Plaintiff's existing complaint are dismissed with prejudice.
20 Should Plaintiff desire to file a motion for leave to file an amended complaint, she shall do
21 so no later than 30 days from the date of this Order. The proposed amended complaint shall
22 be attached to the motion for leave to amend and comply with Federal Rules of Civil
23 Procedure 15 and Local Rules of Civil Procedure 15.1. The Court will not permit the filing
24 of any proposed amended complaint that does not comply with the requirements of this
25 Order, or that seeks to reassert claims that have been dismissed.

26 3. If Plaintiff does not file a motion requesting leave to file an amended complaint

---

28 a negligence claim that is distinguishable from her negligence per se claim.

- 6 -

by **February 3, 2012**, the Clerk of the Court is directed to terminate this action.

DATED this 4th day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge