**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Vawter, | No. CV-11-1916-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| ReconTrust Company, N.A., et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Stop Foreclosure Sale, (Doc. 15) which the Court interprets as a motion for a Preliminary Injunction, and Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 17). For the reasons stated below, both of Plaintiff's motions are denied.

## BACKGROUND

Plaintiff filed this complaint in Maricopa County Superior Court on August 22, 2011. (Doc. 1-1). Defendants removed it to the District of Arizona on September 28, 2011. (Doc. 1). The original complaint argued that Defendants lacked standing to foreclose on Plaintiff's home, that various assignments of a deed of trust were invalid, that Defendants had made fraudulent statements regarding their rights under various mortgage documents, and that Defendants had violated numerous Arizona statutes by trying to foreclose without proper authority. (Doc. 1-1). The Court dismissed all of the claims in the complaint on January 4, 2012, and granted Plaintiff 30 days to file an amended complaint. (Doc. 13). The Court

1 noted, however, that "[t]he Court will not permit the filing of any proposed amended
2 complaint that does not comply with the requirements of this Order, or that seeks to reassert
3 claims that have been dismissed." (Doc. 13 at 6). On February 3, 2012, Plaintiff filed a First
4 Amended Complaint that did not comply with the local rules, and which was stricken on
5 February 7. (Doc. 16). Plaintiff has now moved for leave to file a Second Amended
6 Complaint. (Doc. 17). Defendants argue that leave should be denied because amendment
7 would be futile. Plaintiff has also moved for injunctive relief to stop a foreclosure sale. (Doc.
8 15).

**DISCUSSION**

**I.     Legal Standard**.

A plaintiff may amend a complaint once as a matter of course within 21 days of serving it. FED. R. CIV. P. 15(a)(1)(A). After 21 days, a plaintiff may only amend a complaint with the court's permission. Although the court "should freely give leave when justice so requires," leave to amend may be denied if amendment is futile. FED. R. CIV. P. 15(a)(2); *see Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[W]e affirmed the district court's denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility.").

A plaintiff must establish four elements in order to be granted a preliminary injunction, including "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."*Winter v. Nat't Res. Def. Council*, 555 U.S. 7, 22 (2008), *see* FED. R. CIV. P. 65.

**II.    Analysis**

Much of Plaintiff's attached complaint restates, albeit in a somewhat different form, allegations that the Court dismissed in her first complaint. For example, where she originally alleged that "RECONTRUST is not a valid trustee to be authorized to issue a Notice of Sale," she now claims that "BNY had no lawful right to record a Substitution of Trustee in favor of RECONTRUST." (Doc. 17-1 at 12). Moreover, Plaintiff's fraud claims are

reiterations, with only some modification, of the fraud claims in the original complaint. (Compare Doc. 17-1 at 14–17 to Doc. 1-1 at 4–5). To the extent that Plaintiff asserts claims that were dismissed in her original complaint, the Amended Complaint is stricken.

In addition to reiterating claims, Plaintiff repeatedly suggests that Defendants had no authority to foreclose on her home because Defendants were not holders in due course of the original promissory note. (Doc. 17-1 at 12). Plaintiff argues that "the DEED OF TRUST and the ADJUSTABLE RATE NOTE must never be apart for the DEED OF TRUST to be valid." (Doc. 17-1 at 12). The Ninth Circuit has rejected this argument, holding that in circumstances like those in this case—where mortgage documents are properly assigned through the MERS system—"the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *Cervantes et al. v. Countrywide et al.*, ___ F.3d ___, 2011 WL 3911031, * 7 (9th Cir. Sep. 7, 2011). Moreover, Plaintiff's theory that Defendants must produce the original promissory note to foreclose has also been roundly rejected by the District of Arizona. *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *See*, *e.g.*, *Ciardi v. Lending Co.*, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas v. GMAC Mortg.*, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); *Contreras v. U.S. Bank*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009). Given that it is not a cognizable legal theory, Plaintiff's "show me the note" claims are stricken from the Amended Complaint. *Mansour v.Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) ("Dismissal is appropriate where the complaint lacks . . . a cognizable legal theory."). When beneficiaries are assigned under a Deed of Trust, moreover, the Ninth Circuit has held Plaintiff's non-cognizable arguments, in addition to those that merely repeat the repeated arguments, are stricken from her complaint.

Plaintiff does offer one theory that was not pled in her original dismissed complaint: she now claims that she never received any loan at all. Although she concedes that she consulted with a mortgage broker, that she signed documentation verifying that she had

1  received a $164,000 loan, that she purchased a house, and that she thereafter lived in the
2  house and made payments to Countrywide under the terms of the loan, she now claims that
3  "Defendants have no facts in evidence to show that she was ever lent the sum of $164,500."
4  (Doc. 17-1, ¶¶ 36–40). Plaintiff asserts that she purchased a property at 20145 E. Happy Rd.
5  in Queen Creek, ("the Property") and offers no explanation for how she paid for the property
6  absent receiving the funds from the alleged loan. She states, for example, that "at no time did
7  Julie Vawter personally receive a check or a deposit into her checking account for the amount
8  of $164,500 by Countrywide," (Doc. 17-1 at 9), but she does not assert that Countrywide
9  never paid the previous owner of the Property $164,500, or in any other way explain how she
10 obtained the property. She does not explain why she made five years of payments on a loan
11 that she never received, without ever inquiring why she was being asked to make those
12 payments. Absent any explanation as to why she continued to make payments on a loan that
13 she did not receive, or how she was able to purchase the property without receiving the loan
14 that she had signed for, Plaintiff's contention that she was never loaned any money at all is
15 not plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint
16 states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific
17 task that requires the reviewing court to draw on its judicial experience and common
18 sense."). Likewise, Plaintiff's threadbare assertion that the copious loan records, many of
19 them bearing her signature, are a collection of forgeries is inadequate to support a motion to
20 amend her complaint. *Id.*

21        Plaintiff's Amended Complaint makes arguments that the Court has dismissed once
22 and has forbidden her to re-assert, relies upon a non-cognizable legal theory, and depends
23 upon the purely implausible claim that she never received the benefit of a loan, despite the
24 fact that she purchased the Property and made five years' worth of loan payments. Permitting
25 her to amend the complaint to assert these claims would not be in the interest of justice; it
26 would be "nothing more than an exercise in futility." *Bonin*, 59 F.3d at 845. Since her
27 complaint is dismissed with prejudice, her motion for injunctive relief is denied.
28        **IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Stop Foreclosure Sale (Doc. 15) is **denied**.
2. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 17) is **denied**.
3. The Clerk of Court is directed to **terminate** this action.

DATED this 16th day of May, 2012.

_A. Murray Snow_
/G. Murray Snow
United States District Judge