**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Vawter, ) | No. CV-11-1916-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Recontrust, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Julie Vawter's Motion for Reconsideration. (Doc. 22). For the reasons given below, the motion is denied.

**BACKGROUND**

On January 4, 2012, this Court dismissed Plaintiff's original complaint and granted her leave to amend, noting that "[t]he Court will not permit the filing of any proposed amended complaint that does not comply with the requirements of this Order, or that seeks to reassert claims that have been dismissed." (Doc. 13 at 6). Plaintiff filed an amended complaint that did not comply with the local rules and which was stricken. (Docs. 14, 16). On February 17, 2012, Plaintiff moved for leave to file an amended complaint that sought to reassert the claims that had been dismissed. (Doc. 17-1). In addition, in the amended complaint Plaintiff alleged for the first time that she had never in fact received any loan from the Defendants, without explaining how she had bought the house that is now subject to

1 foreclosure or why she had made five years of loan payments on money she had never
2 received. The Court denied her leave to amend the complaint because the only new claims
3 she had asserted were not "plausible" under the standard set forth in *Ashcroft v. Iqbal*, 556
4 U.S. 662, 679 (2009). It therefore found that allowing the amendment would be "nothing
5 more than an exercise in futility." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).
6      Plaintiff has filed a motion to reconsider. (Doc. 22).

## DISCUSSION

**I.  Legal Standard**

A motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**II.  Analysis**

Plaintiff's Motion for Reconsideration is denied. Plaintiff claims that she "was under the impression that her claims in the original complaint were dismissed for missing some facts or legal reasoning—and not because those claims were improper." (Doc. 22 at 2). As the original Order noted, the claims were dismissed because they lacked merit, and she was instructed not to re-assert them. Plaintiff claims that the court "chose to use Plaintiff's misunderstanding to amend the dismissed claims from the original complaint as justification for dismissal of the whole amended complaint." (Doc. 22 at 2). In fact, the Court considered

the new allegations and found that they were fanciful, and that granting Plaintiff leave to amend and assert them would be "nothing more than an exercise in futility." *Bonin*, 59 F.3d at 845. Plaintiff continues to assert that Defendants have failed to offer satisfactory proof that they have the power to foreclose on her property, and writes that "the citations supporting[1] the show-me-the-note doctrine that the district judge principally relied upon to dismiss Plaintiff's claims and complaint is [*sic*] a sham and should not stand on appeal."(Doc. 22 at 3). The Arizona Supreme Court has recently confirmed that foreclosures in Arizona are governed by the deed of trust statutes, and that these statutes "impose no obligation on the beneficiary to 'show the note' before the trustee conducts a non-judicial foreclosure. The only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority."*Hogan v. Washington Mut. Bank, N.A.*, __ P.3d __, 2012 WL 1835540, at *2 (2012) (citing Arizona Revised Statutes ("A.R.S.") § 33-808(C)(5)). Plaintiff's claim is not legally cognizable in Arizona.

Plaintiff also faults the Court for not crediting her newly-invented claim that she never received any money from her lender. (Doc. 22 at 3). Contrary to Plaintiff's contention, the Court did not rely on presumptions or inadmissible evidence in its ruling. Plaintiff does not deny that she filled out loan paperwork, that she moved into a home which she now claims to own, and that she made payments on the alleged loan for some time before bringing this action. She alleges only that she never actually received any money from the lender, claiming that somehow the lender defrauded her into believing that she was lent money. Although such a fraud may explain why she would have made the payments, it does not explain how she obtained the house. Plaintiff has never claimed that she paid for the house with money other than that received from the lender. She has not offered any explanation as to how she paid for the house. A court is required, in reviewing a complaint, "to draw on its judicial experience and common sense." *Iqbal* 556 U.S. at 679. Ms. Vawter's complaint was based

---

[1] In fact, the Court relied on cases, including appellate cases, demonstrating that the theory has no legal merit in Arizona.

- 3 -

on discredited legal theory and fanciful facts, and it was proper for the Court to deny her leave to amend. Her motion for reconsideration is nothing more than a demand to "rethink what the court has already thought through," which in this instance, the Court thought through properly the first time. *Rezzonico*, 32 F.Supp.2d at 1116.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 22) is **denied**. This matter shall remain closed.

DATED this 31st day of May, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge